# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Genworth Life and Annuity Insurance Company, | Case No.: 2:18-cv-02161-JAD-BNW |
| Plaintiff | **Order (1) Granting Motion to Preclude Neelu Pal from Participating in Case; (2) Denying all of Pal's Motions; (3) Granting Joint Motion to Release Funds and Close Case; and (4) Denying as Moot Joint Motion to Stay Case** |
| v. | |
| Jaclyn R. Hafter, et al., | |
| Defendants | [ECF Nos. 33, 34, 40, 42, 45, 49] |

This interpleader case concerns competing claims to death benefits payable under a term life-insurance policy that Genworth Life and Annuity Insurance Company issued to Jacob Hafter 19 years ago.[1] In its complaint in interpleader, Genworth named as defendants Jacob's widow, Jaclyn R. Hafter; their minor children, J.H. and G.H.; the trustee of the Jacob Hafter Trust dated April 17, 2018, Brandon Phillips; and the Internal Revenue Service.[2] After defendants answered the complaint, all parties stipulated that Genworth would deposit the amount payable under the policy, less Genworth's attorney's fees and costs, with the court and, upon doing so, the court would dismiss Genworth from this case.[3] I granted the parties' stipulation,[4] Genworth deposited $245,556.16 with the court,[5] and Genworth was dismissed from this case.[6]

---

[1] ECF No. 2 (complaint in interpleader).

[2] *See, generally*, *id.*

[3] ECF No. 30.

[4] ECF Nos. 31 (order granting stipulation), 37 (order granting stipulation to amend ECF No. 31 to update deposit amount).

[5] ECF No. 39 (certificate of cash deposit).

[6] *See* ECF No. 31.

Around the same time as Genworth's deposit and dismissal, an individual acting pro se and identifying herself as Neelu Pal, MD, filed a document entitled "Notice/Application to be Recognized as Interested Party[,]" in which she claims to be "a creditor and an adversarial litigant of the defendants" and Jacob's estate.[7] In her notice, Pal vaguely identifies a breach-of-contract case pending in state court and a creditor's claim in probate court.[8] Pal followed her notice with a motion seeking leave to use the court's e-filing system.[9]

Brandon Phillips responded to these briefs by clarifying that Pal is the named defendant in a state-court case that HafterLaw, LLC, Jacob's law practice, filed in 2013.[10] Phillips further clarified that though Pal alleged counterclaims in that case, the state court entered an order on January 19, 2018, granting Pal's motion to voluntary dismiss them without prejudice under Rule 41(a)(2) of the Nevada Rules of Civil Procedure.[11] Pal filed a 300 page reply insisting that she's an interested party but admitting that she voluntarily dismissed her counterclaims in the state-court case.[12] Pal bases her belief that she's an interested party in this case on defenses that she asserted in the state-court case and her suspicion that Jacob or HafterLaw fraudulently transferred her money to Jacob's personal accounts or to one of his trusts "to avoid a potential judgment" in that case.[13]

---

[7] ECF No. 33.
[8] *Id.* at 1.
[9] ECF No. 34.
[10] ECF No. 35 at 1, ¶ 1 (identifying case as *HafterLaw, LLC v. Neelu Pal*, A-13-689568-C (Eighth Jud. Dist. Ct., Clark Co., Nev.)).
[11] *Id.* at 5–8.
[12] ECF No. 38 at 2 n.2.
[13] *Id.* at 2.

Jaclyn moves to preclude Pal from participating in this case, arguing that Pal does not have a direct claim to the life-insurance policy's proceeds that are the subject of this case because she is neither a named beneficiary under the policy nor does she have a statutory lien against the policy's proceeds.[14] Pal responded and filed a countermotion to intervene as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure or, alternatively, for the court to permit her to intervene under Rule 24(b).[15] None of the parties responded to Pal's countermotion.

Two months later, the parties moved to stay this case, arguing that they had potentially settled their differences.[16] Four months after that, the parties jointly moved on an emergency basis to release the funds that Genworth deposited with the court and close this case.[17] I ordered that any response to be filed by November 8, 2019.[18] That deadline passed without response.

The parties point out that the events in this case are similar to those in Relistar Life Insurance Company's interpleader case against the same defendants that was also filed in this district.[19] Pal sought to be an interested party or intervenor in that case, too,[20] but U.S. District Judge Andrew Gordon ultimately denied Pal's motions,[21] ordered the interpled funds to be distributed as the parties agreed, and closed the case.[22] For the reasons discussed below, this

---

[14] ECF No. 40.

[15] ECF Nos. 41 (response), 42 (countermotion).

[16] ECF No. 45.

[17] ECF Nos. 49 (joint motion), 50 (Jaclyn's supplement).

[18] ECF No. 51.

[19] *Reliastar Life Ins. Co. v. Jaclyn R. Hafter*, Case No. 2:18-cv-01166-APG-NJK (D. Nev.) (18cv1166).

[20] 18cv1166 at ECF No. 51.

[21] 18cv1166 at ECF No. 64.

[22] 18cv1166 at ECF No. 68.

case follows the same trajectory as the one before Judge Gordon. I grant the motion to preclude, deny the motions to intervene or be recognized as an interested party, and direct the Clerk of Court to first release the interpled funds and then close this case.

**I.   Motions to preclude or permit Pal to intervene in this action [ECF Nos. 40, 42]**

**A.   Legal standards for intervention**

Rule 24 of the Federal Rules of Civil Procedure governs the two forms of intervention that are available in federal cases: of right and permissive. Rule 24(a) concerns intervention of right and requires the court to permit anyone to intervene who either "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect it interest, unless existing parties adequately represent that interest."[23] Rule 24(b) concerns permissive intervention and authorizes the court to permit anyone to intervene who either "is given a conditional right to intervene by a federal statute" or " has a claim or defense that shares with the main action a common question of law or fact."[24]

**B.   Discussion**

*1.   Intervention as of right*

Pal does not contend that a federal statute grants her an unconditional right to intervene. Rather, Pal argues that she has an interest in the policy's proceeds because she is a creditor with valid claims against HafterLaw, Jacob's estate, the Hafter Family Trust, and the Jacob Hafter

---

[23] Fed. R. Civ. P. 24(a)(1)–(2).

[24] Fed. R. Civ. P. 24(b)(1).

4

Trust dated April 17, 2018.[25] The Ninth Circuit explained in *United States v. Alisal Water Corporation* that an applicant for intervention as of right must demonstrate that she "has a significant protectible interest relating to the property or transaction that is the subject of the action."[26] The interest must be "protected by law" and there must be a "relationship between the legally protected interest and the plaintiff's claims."[27] "[A] non-speculative, economic interest may be sufficient to support a right of intervention" if it is "concrete and related to the underlying subject matter of the action."[28]

Pal doesn't provide a pleading with her proposed claims or defenses in intervention,[29] but she argues that Jacob or HafterLaw wrongfully claimed that she owed them legal fees, retained over $130,000 from a jury award in her favor, and sued her for breach of contract in Nevada state court.[30] Pal believes that Jacob then fraudulently transferred the money to his personal accounts or to one of his trusts.[31] Though her counterclaims in the state court were dismissed, Pal argues that she has "stated a defense of legal malpractice negligence and breach of fiduciary duty" in response to HafterLaw's breach-of-contract claims against her.[32] It appears that those "defenses" are what Pal seeks to intervene to assert in this action.[33]

---

[25] ECF No. 42 at 5, 10.

[26] *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

[27] *Id.*

[28] *Id.*

[29] This failure is fatal to her motion. *See* Fed. R. Civ. P. 24(c) (providing that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought").

[30] ECF No. 42 at 2.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 10 (arguing that, as a potential "defendant-intervenor," Pal is not required to meet Article III standing).

5

Pal has not demonstrated that her interest in the life-insurance policy's proceeds is related to the subject of this action, which asks whom among the competing beneficiaries and IRS is entitled to the proceeds under the terms of the policy and applicable tax and insurance law. Pal admits that she is not a beneficiary under the policy and she does not have an existing lien against its proceeds. At best, what Pal has shown is that the policy's proceeds could be used to satisfy her potential future claims against some of the defendants in this case. But the Ninth Circuit has instructed that "the impaired ability to collect judgments that might arise from future claims does not give rise to a right of intervention."[34] Thus, Pal is not entitled to intervention as of right.

### *2.* *Permissive intervention*

Pal does not contend that a federal statute grants her a conditional right to intervene. Rather, relying on authorities from the Fifth Circuit, Pal argues that she should be permitted to intervene because the standard for that form of intervention is lower than the one for intervention of right.[35] In the Ninth Circuit, "[a]n applicant who seeks permissive intervention must prove that [she] meets three threshold requirements: (1) [she] shares a common question of law or fact with the main action; (2) [her] motion is timely; and (3) the court has an independent basis for jurisdiction over [her] claims."[36] Pal's motion fails at the first requirement.[37]

Pal does not identify—and I cannot conceive of—a question of law or fact that she shares with the defendants in this action. She admittedly was not named as a beneficiary under the

---

[34] *Alisal Water Corp.*, 370 F.3d at 920.

[35] ECF No. 42 at 9–10.

[36] *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

[37] I need not, so I do not, reach whether Pal has satisfied the other two factors for permissive intervention.

6

policy and does not have a lien against the policy's proceeds. The torts that Pal wants to assert in this action have no connection to the laws and facts that are relevant to determining who among the defendants is entitled to recover the policy's proceeds. Pal's torts also lack any connection to the laws and facts that are relevant to the IRS's tax lien. Additionally, the defendants have resolved their dispute about the main action and ask me to release the interpled funds consistent with their global settlement agreement. Allowing Pal to intervene to assert tort claims against some of the defendants will unduly delay resolution of the main action in this case. For these reasons, I exercise my discretion and decline to permit Pal to intervene in this action.[38] I therefore grant Jaclyn's motion to preclude Pal from participating in this case and deny Pal's countermotion to intervene.

## II. Pal's motions to become an interested party and e-file [ECF Nos. 33, 34]

Pal contends that the parties' interested-party certificates are deficient because they don't identify her as an interested party.[39] Local Rule 7.1-1 requires "pro se parties and attorneys for private non-governmental parties" to file a certificate disclosing "all persons, associates of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case."[40] "If there are no known interested parties other than those participating in the case, a statement to that effect will satisfy this rule."[41]

As I explained above, any pecuniary interest that Pal has in the outcome of this case is indirect and depends on the outcome of claims that she hasn't yet alleged or defenses that she

---

[38] *Id.* ("In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties.").

[39] ECF No. 33.

[40] L.R. 7.1-1(a).

[41] *Id.* at (b).

7

alleged in an action that's pending against her in state court. Because Pal lacks a "direct" pecuniary interest in the subject of this action, it is neither necessary nor appropriate for the parties or the court to recognize her as an interested party. I therefore deny Pal's motion to be recognized as an interested party, and because she has no reason to file any documents in this case, I deny as moot her motion to use the court's e-filing system to do so.

**III. Joint motions to stay case and release funds and close case [ECF Nos. 45, 49]**

Finally, the parties move on an emergency basis to release the funds that Genworth interpled with the court and to close this case.[42] The parties explain that they reached a global resolution of the issues between them that spawned several cases, including this one, and that their settlement agreement was approved by Nevada State District Court Judge Gloria J. Sturman on October 17, 2019.[43] The parties further explain that under their agreement, Jaclyn is to receive all of the funds that Genworth interpled with this court by a check made payable to her counsel, and that the parties and claims in this case be dismissed with prejudice.[44] The parties have shown good cause to release the funds, dismiss the claims with prejudice, and close this case, so I grant their motion for that relief and deny as moot their joint motion to stay this case.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Jaclyn Hafter's motion to preclude Neelu Pal from participating in this case **[ECF No. 40] is GRANTED** and Neelu Pal's countermotion to intervene **[ECF No. 42] is DENIED**.

---

[42] ECF No. 49; *accord* ECF No. 50.

[43] ECF No. 49 at 7.

[44] *Id.* at 8.

IT IS FURTHER ORDERED that Neelu Pal's application to be recognized as an interested party **[ECF No. 33] is DENIED** and Neelu Pal's motion to use the court's e-filing system **[ECF No. 34] is DENIED as moot**.

IT IS FURTHER ORDERED that the parties' joint emergency motion to release the interpled funds and close this case **[ECF No. 49] is GRANTED** and the parties' joint motion to stay this case pending settlement **[ECF No. 45] is DENIED as moot**.

The Clerk of Court is directed to distribute all of the interpled funds being held in this case to Jaclyn Hafter via a check made payable to "Solomon Dwiggins & Freer, Ltd. Main Trust Account" and remitted to her counsel at: Solomon Dwiggins & Freer, Ltd., 9060 West Cheyenne Avenue, Las Vegas, Nevada 89129.

IT IS FURTHER ORDERED that, upon the Clerk of Court distributing the interpled funds as stated above, all claims and parties in this case are dismissed with prejudice and the Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
November 25, 2019